# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            Case No. 16-CR-126

JAMES N. EDWARDS,

    Defendant.

# ORDER

On December 13, 2019, United States Probation submitted a petition to Chief Judge Pamela Pepper seeking a warrant for the arrest of James N. Edwards for alleged violations of the conditions of his supervised release. (ECF No. 36.) Edwards was arrested, appeared before this court, and was ordered detained pending revocation. (ECF No. 37, 39.)

On March 23, 2020, Edwards filed a motion for de novo review of the detention order. (ECF No. 48.) Chief Judge Pepper noted that Edwards was presenting facts and arguments not presented at his detention hearing before this court. Therefore, the proper procedure is for Edwards to move under 18 U.S.C. § 3142(f) to reopen the detention hearing rather than seeking de novo review under 18 U.S.C. § 3145.

Construing the motion as a motion to reopen the detention hearing, Chief Judge Pepper referred the motion to this court.

Edwards points to two allegedly new factors that he contends justify his release: he now has a viable place to live, and the present public health emergency. The first factor is not new. He proposed living with his girlfriend at the detention hearing. As to the second factor, the current public health emergency is admittedly upending all aspects of life. And its impacts are relevant in the detention calculus. However, it has not abrogated the need for nor the appropriateness of the detention of Edwards.

Because he is on supervised release, it is Edwards's burden to show "by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. §3143(a)(1); Fed. R. Crim. P. 32.1(a)(6). In addition, with respect to a motion for temporary release under 18 U.S.C. § 3142(i), it is the defendant's burden to show a that a "compelling reason" exists for his release. He has failed to satisfy either burden.

Edwards was arrested after he was found to be in possession of heroin, crack cocaine, empty corner cuts, two digital scales, over $4,000 in cash, and three handguns. (ECF Nos. 36 at 1; 37 at 1.) He was uncooperative when officers confronted him. This alleged violation occurred just over four months after he began his three-year term of supervised release and was very similar to the conduct that led to his underlying

conviction. In that matter, he was approached by police, fled, discarded a stolen pistol, and when arrested was found to be in possession of drugs.

Edwards has a history of drug offenses as well as a conviction for robbery. While on extended supervision for the robbery offense, he was arrested for possession of 16 baggies of marijuana and attempting to hit a police officer.

Moreover, Edwards and the government have negotiated a global resolution of his alleged violation of his conditions of supervised release whereby he would plead guilty to new charges and the parties would jointly recommend that he serve an additional three years in prison, concurrent to any revocation sentence. (ECF No. 50 at 1-2.)

Against this backdrop, notwithstanding the current public health emergency, the court cannot find that Edwards has sustained his burden to show that bond or temporary release is appropriate.

**IT IS THEREFORE ORDERED** that Edwards's motion (ECF No. 48) is denied.

Dated at Milwaukee, Wisconsin this 30th day of March, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge

3
Case 2:16-cr-00126-PP   Filed 03/30/20   Page 3 of 3   Document 53